951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eleanor PROCTOR, Plaintiff-Appellee,
v.
TRANSAMERICA TITLE INSURANCE, Defendant-Appellant.
 No. 90-35751.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1991.
Decided Dec. 20, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 Having heard oral argument of counsel, and having considered the briefs submitted by the parties, we conclude that the district court did not err in ordering judgment for appellee Eleanor Proctor.
 
 
 3
 "An escrow holder must comply strictly with the instructions of the parties." Claussen v. First American Title Guar. Co., 230 Cal.Rptr. 749, 752 (Cal.Ct.App.1986). Appellant Transamerica Title Insurance Company breached such duty when it closed escrow file 123233-J on October 7, 1982, and gave a first trust deed to Lancaster Savings, rather than to Proctor.
 
 
 4
 The district court properly determined that recording the deed before deposit into the escrow file was immaterial to Transamerica's duty to follow the escrow instructions. The district court was also correct in finding that Proctor lacked the intent to convey the deed when she handed it to her friend Jeri Gudgel. Hence, we cannot accept Transamerica's waiver and estoppel arguments.
 
 
 5
 We reject Transamerica's other contentions as well. Accordingly, the judgment below is
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3